THREADGILL, Judge.
Kym P. Texter appeals an order denying her motion for modification of visitation rights. We reverse and remand for proceedings to determine reasonable visitation.
The parties had three children when they divorced. Two were the natural children of the father by a previous marriage, ages nine and ten, and were adopted by the mother. The third child, age two, was born of the marriage.
At the time of the mother’s petition for modification, the mother had custody of the couple’s youngest child, and the father had custody of the two children from his previous marriage. The order of visitation required that the children be together every weekend in Florida. The father had visitation with the youngest child every other weekend, alternating with the mother’s visitation with her adoptive children.
When the visitation order was first entered, both the father and mother resided in Land ‘O Lakes, Florida. Thereafter, the mother lost her job as a medical assistant due to depression and anxiety and moved to a suburb of Atlanta, Georgia, to live with her mother. Thus to effectuate the child’s visitation with the father and her own visitation with the adoptive children, the mother had to travel to Florida with her daughter every weekend. It was this arrangement to which her motion to modify visitation was addressed.
The evidence presented at the hearing showed that since the move, the mother’s mental health had dramatically improved. She was receiving psychological counsel-ling and medication for depression and anxiety. She had also found satisfying steady employment where she earned a salary comparable to the one she had earned in *554 Florida. Her daughter had made new friends and was a happy, normal preschooler. Moreover, she had the benefit of a close-knit extended family, including her grandmother and her mother's two sisters and brother and their four children. She also had more opportunities to see her great grandmother. The child usually spoke by telephone to her father, brother, and sister every ten days. The mother testified that she believed that it was in her daughter’s best interest to maintain a relationship with the father and brother and sister, and that she had and would continue to facilitate visitation.
Although the trial court found that the move was necessary for the mother’s mental health and was not made for the purpose of interfering with the father’s visitation rights, it nonetheless denied the mother’s motion for modification of visitation. The order was based on the trial court’s finding that the importance of the child’s being able to visit with her brother and sister every weekend overrode any hardship to the mother.
The mother contends that the trial court’s order of visitation is unreasonable. We agree. Although it is certainly beneficial to the child to remain in close touch with her father, brother, and sister, her day-to-day routine and the quality of her general style of life depends upon her mother and the style of life she is able to provide. See Matilla v. Matilla, 474 So.2d 306 (Fla. 3d DCA 1985). The child’s family unit consists of herself and her mother, and what is best for the unit as a whole is in the child’s best interest. Id. It is within this context that the terms of visitation must be considered. Id.
To require the mother to take the child to Florida each weekend so that the child may visit with the father, brother, and sister interferes with the stability of the child’s life in Georgia and overburdens the mother’s right of visitation with the adoptive children and her limited financial resources. We therefore find that the trial court abused its discretion in requiring the mother to take the child to Florida every weekend and in denying her motion for modification of visitation.
We therefore reverse the trial court’s order denying the mother’s motion to modify the visitation schedule and remand for a determination of reasonable visitation based on the mother’s residence in Georgia.
Reversed and remanded.
FRANK, A.C.J., and PARKER, J., concur.